FILED by ___ D.C.
ELECTRONIC

June 04, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SOUTHERN UNIVERSITY ALUMNI FED.,
CO-PATENT OWNERS # U.S. 6,889,615, ET. AL

PLAINTIFF(s)

# 08-21585-Civ-GOLD/McAliley

_T. B. D. _____ v.

Attorney(s) for Plaintiffs

UNITED STATES GOVERNMENT

DEFENDANT(S)

### CLASS ACTION  COMPLAINT WITH REQUEST FOR JURY TRIAL

Article III of the U.S. Constitution stipulates the Supreme Court shall have original jurisdiction

in matters in which a State shall be a party.  As the Supreme Court tends to elect appellate

jurisdiction, this complaint may be filed in U.S. District Court.  This complaint raises questions

whether the Defendant(s) have violated States Powers under the Constitution and / or 28

U.S. C., Pt 4, Ch 85,> §1338 by taking actions in a case (07-2607-DM 22nd Cir Mich) after it

was removed from the State of Michigan Courts under 28 U.S.C., Pt 4, Ch89,>§ 1446 and/or

whether those actions are prohibited under the 14th Amendment.  Parties are citizens of

several states adding to the diversity of citizenship.  This case also involves 35 U.S.C. and/or

37 C.F.R., permitting prosecution by patent owner, as well as 39 U.S.C. and is therefore

brought in the court of original, competent, and exclusive jurisdiction.  This complaint also

questions whether acts by Defendant(s) violate antitrust law under The Sherman Act, The

Clayton Act, and/or The Wilson Tariff Act where it is the duty of the U.S. Attorney General or

a State's Attorney General to initiate proceedings to restrain violations provided there is no

conflict of interests.  This complaint will not address the claims within (07-2607-DM 22nd Cir.

Mich) which are consolidated with (05-40330 E.D. Mich) awaiting ruling on change of venue.

Antitrust law 15 U.S.C. > § 15 permits filing in this jurisdiction.

## ISSUES TO BE PRESENTED

A.    Whether the State of Michigan has violated State's Powers or infringed on U.S.
      Judicial powers under the U.S. Constitution Article III, Section 1 and/or Article VI,
      Clause 2, by taking action in a case that was removed from the State Court under
      28U.S.C.,Pt 4,Ch 89>§1441-1448.

B.    Whether any actions taken by a State in a case that is removed from that
      State violate 14th Amendment rights of parties in such a case and/or whether the State
      of Michigan failed to demonstrate statutory support for its overriding purpose in
      violations of policy, law, and / or statute in discriminating against Plaintiffs that has a
      rational basis related to a permissible government objective and therefore has violated
      equal protection and/or due process prohibitions of the 14th Amendment to the U.S.
      Constitution and / or equal protection under 42 USC,Ch21, Sch 1, >§ 1981-88.

C.    Whether the State of Michigan violated 28 U.S. C., Pt 4, Ch 85,> §1338  which defines
      that district courts shall have original jurisdiction of any civil action arising under any
      Act of Congress relating to patents, as patent ownership and assignment matters are
      defined under 35 U.S.C and 37 C.F.R.

D.    Whether Defendant(s) violated The Sherman Act.

E.    Whether Defendant(s) violated The Clayton Act.

F.    Whether Defendant(s) violated The Wilson Tariff Act.

2

## ARGUMENT

In early 2002, Plaintiff(s) undertook the task of developing a next generation propulsion technology. By early 2003, using 100% personal funds, the new technology called the Pinch Drive was unveiled to the automation industry in prototype form, in video, and by Powerpoint presentation via email.

Despite tangible and measurable advantages over all existing comparable technologies, the material handling industry gave Plaintiff(s) the cold shoulder. Only (2) companies had a representative appear at the unveiling, and those were unofficial. Any direct personal invitations / presentations / or contact often resulted in euphoria at first introduction, then cold silence to future calls. Plaintiff(s) wondered how responses could be so consistent and unanimous, as if choreographed.

The main proprietor found it very difficult to secure a job. Any electronic or indirect submission of applications yielded nothing. Email, fax, and postal mail all failed to yield results. The only application positively responded to was the one filed in a walk-in effort. After 6 months of intense evaluation, the job as General Manager of Operations for Detroit Department of Transportation was his. Coincidentally, Plaintiff(s) had contacted various companies and agencies regarding Transit / Light Rail applications for this technology. The topic had also been explored in a presentation video. Within 3 weeks of hire, without getting caught in the surrounding corruption, Plaintiff(s) laid out a plan to correct 95% of the issues the organization faced and won the support of the three major unions. In essence, Plaintiff(s) now had a success story to present to the U.S. Department of Transportation and a next generation technology to boot. Success of the technology was imminent, Plaintiff was fired.

3

## STATEMENT OF FACTS

A.  Plaintiff(s) and/ or their agents sought reinstatement of employment.

B.  Plaintiff(s) filed (03-339562 3rd Cir. Mich) and after 15 months of delayed discovery the
    case was removed to U.S. District Court.  Failures in State court include blocked
    interrogatories under MCL 2.309, and MCL 2.313 where a court order was not enforced,
    and sanctions were not implemented.   The interrogatories included among other things,
    questions and facts related to the absence of oil analysis contracts which are necessary
    to track and predict pending coach diesel engine failure.  Instead, engines were allowed
    to fail and new engines were purchased in contracts approaching $1.8 million dollars.
    This violates FTA statutes under Title 49 regarding both procurement and maintenance
    of facilities investment. (See Exhibit 1).

C.  The company(s) benefiting from these diesel engine contracts had, at times pertinent in
    2003-2004, a parent / subsidiary relationship with a foreign owned automaker in
    Michigan. (See Exhibit 2)

D.  The leading competitors of Plaintiff(s) technology share foreign nationality with the
    parent company of the diesel engine supplier.  (See Exhibit 3)

E.  The Modern Material Handling magazine's Top 20 Suppliers annual list, as reviewed
    over the period 2001-2006, illustrates a disturbing trend showing serious degradation of
    American companies in the industry, and phenomenal growth of German based
    suppliers. (See Exhibit 4)

4

F.   Most of the leading competitors of Plaintiff(s) technology do business directly with the parent company of the diesel engine supplier.

G.   Plaintiff(s) technology would substantially penetrate the Material Handling market and reverse the trend of American companies being squeezed out, as it is technically superior, on every point, to the technologies offered by the German suppliers. And it is less expensive by at least 25-30%.  (See Exhibit 5)

H.   Plaintiff(s) technology would substantially penetrate the Mass Transit market and could adversely affect the sales of diesel engines in bus and other transit applications, as the Pinch Drive / Clean Light Rail avoids the earth destroying emissions, noise, and dirt of diesel engines, as well as their high maintenance costs.

I.   The foreign automaker, parent company of the diesel supplier, and or the diesel engine supplier was aware of the development of Plaintiff(s) technology. (See Exhibit 6)

J.   The leading competitors of Plaintiff(s) technology had a common foreign supplier with Plaintiff(s), and the supplier shared foreign nationality with the German material handling suppliers, and the automaker. (See Exhibit 7)

K.   Plaintiff(s) represent 1 of several American Companies who suffer unfair market activities which include civil and/or criminal violations of law in effort to destroy American industry presence.

L.  The suspect activity of the foreign automaker was well documented in several U.S. District court cases,  some of which was investigated by the Securities and Exchange Commission as well as involving the Department of Labor.

M.  The State also failed to enforce its laws under MCL 408.1065(3), MCL 750.122, and the OSH Act Section 17(g).  The statute MCL 408.1065(3) mandates the investigation of discrimination be completed 90 days from receipt of complaint.  Instead, the investigation was not conducted properly being completed 15 months later.  The State provided false statements claiming the investigation was not delayed in violation of OSH Act sect 17(g).  This violation of MCL 408.1065(3) was raised in (03-339562 3rd Cir. Mich) and or (05-70416 E.D. Mich).

N.  Companies related to the diesel engine supplier have sought to intimidate the Plaintiff(s) via U.S. Mail in violation of Title 18.

O.    MIOSHA complaint D-03-048-01, a whistleblower claim under OSHA law, includes
      violations of both civil violations of USC, Ch 15, >§660(c)(3) and criminal violations
      OSH Act Section 17(g) by the State of Michigan and/or persons using the powers of
      the State of Michigan against an instant Plaintiff in likely retaliation for whistleblower
      claims.  These violations are outlined in (05-70416 E.D. Mich) and the related appeal
      ( *EXHIBITS*      ) which is pending against City of Detroit at the time of the instant
      filing and have been adversely affected by the subject State of Michigan actions in the
      instant complaint.

P.    A court order compelling discovery in (03-339562-CZ 3rd Cir. Mich) was ignored and
      ultimately not enforced in violation of criminal statutes again obstructing justice and
      fact finding regarding contracts and connection of persons to both the content of
      interrogatories and blocking of interrogatories.

Q.    In (05-70416 E.D. Mich) investigations of interference and violations of EEOC, ADA,
      OSHA, and criminal complaints were obstructed, and subverted.  Criminal violations
      against the Plaintiff in that case by the State of Michigan or persons using the powers
      of the state were ignored.

R.    Plaintiffs have discovered that they received falsified State of Michigan tax forms and
      attempts to pay tax by mail were tampered with as evidenced by track and confirm
      information.

S.    The State actions in the removed case are the third effort by the State of Michigan and
      Ohio and /or persons using the powers of the State of Michigan and/ or Ohio to

dismantle Plaintiff's family with the first effort being a Child Protective Services complaint X2969879P where the states combined to threaten a witness in (05-70416 E.D. Mich) with loss of parental rights in his family. Then secondly, the effort to conduct a divorce (07-2607-DM) in Plaintiff's family when it was understood Plaintiff was not in the state, and with the State's conflict of interest of public record. Both Michigan and Ohio and /or persons using the powers of Michigan and/or Ohio are connected to questionable conduct in (03-339562-CZ  3rd Cir. Mich) where some interrogatories were never answered. The third effort being expressed intent by the State of Michigan to rule in a case that has been removed from Michigan Courts.

T.   Illegal and/or cooperative access to internal postal operations was employed in a false and deceptive service of process and false and deceptive court proceeding (DC1-07-659-CG 14A-1 Jud. D. Mich) in State of Michigan Courts against a Plaintiff addressed in (EXHIBITS)  &(07-12143 E.D. Mich)

U.   Plaintiffs mailings by the U.S. Postal Service were routinely interfered with and many never reached their destination in violation of 39 USC, Pt 1, Ch 4,>§403 as evidenced in ( EXHIBITS ).

V.   Plaintiffs have experienced falsified job opportunities by mail, phone, and e-mail in violation of 42 USC, Ch 21, Sch 1,> §1981a as evidenced in ( EXHIBITS ).

W.   Plaintiff experienced an unopposed motion to adjourn civil action without their knowledge in (03-339562-cz 3rd Cir. Mich).

8

X.      False statements were made in a federal investigation in EEOC Charge #230-2004-
        01635.

Y.      The U. S. Departpartment of Labor denied Plaintiff the 2 year statute of limitations
        under fair Labor Standards Law for claiming lost wages. The U. S. Department OIG
        failed to investigate this denial of 2 year statute of limitations under Fair Labor
        Standards Law for claiming lost wages and failed to investigate the violation of 29
        USC, Ch 15, >§660(c)(3) in (05-70416 E. D. Mich).

Z.      Plaintiffs have experienced tampering with Patent filings and mailings.

AA.     Plaintiffs have experienced tampering with tax filings and mailings.

AB.     The U.S. District Court in the proximate cause case (05-40330 E.D. Mich) has
        exercised jurisdiction over statute 42 USC, Ch 21, Sch 1,> §1985 which is applicable
        to the violations in this case.

AC.     Failure to rule in (05-40330 E.D. Mich.) results in deprivation of restitution and income
        to that Plaintiff further suppressing the subject technology and denies Plaintiff the
        opportunity for independent judicial review of matters therein.

AD.     The State interfered with appeal ( $EXHIBITS$          ) by threatening Plaintiff-
        Appellant with deadly force to bar Plaintiff-Appellant from his property, papers, and
        effects, an act of unreasonable seizure, in violation of the 4th amendment to the U. S.
        Constitution, and in violation of Title 18 obstruction and witness intimidation statutes.

9

AE.  35 USC permits patent related actions against a State.

AF.  **Class B**

Class B is defined as persons who rely upon the U. S. District Courts in the Eastern District of Michigan to rule in accordance with the U.S. Constitution on federal questions where facts support they were unable to do so, due to conflict of interests.

AG.  **Class C**

Class C is defined as persons who rely upon the U. S. Appeals Courts in the 6th Circuit to rule in accordance with the U.S. Constitution on federal questions where facts support they were unable to do so, due to conflict of interests.

AH.  **Class D**

Class D is defined as persons who relied upon the U. S. Attorney General to uphold and enforce protections under U.S. statutes in accordance with the U.S. Constitution where facts support the U. S. Attorney General was unable to do so, due to conflict of interests.

AI.  **Class E**

Class E is defined as persons who were / are injured financially or otherwise, and/or prohibited in any way contrary to their Constitutional rights as U.S. Citizens due to inclusion in Class B, Class C, or Class D, or inclusion in the facts and evidence in the related listed complaints.

10

AJ.    The State of Michigan has adversely affected the status Bridgewater Products, Inc for
       lack of payment of fees, yet at the same time blocked income to pay fees, via actions
       in paragraphs B, M, O, P, R, S, V, W.

AK.    The combinations in the form of trusts, and / or conspiracy, in restraint of trade and to
       suppress Plaintiffs technology exploitation include and are not limited to:
       (1) Referral of U.S. DOL OSHA complaint to MIOSHA and violation of statute by
       MIOSHA (03-339562-CZ  3rd Cir Mich).
       (2) Illegal and or cooperative access to internal postal operations to initiate process
           service ( *EXHIBITS* ).
       (3) Actions taken by judges in (07-2607-DM 22nd Cir Mich) and (05-70416 E.D. Mich)
           involved complicity of non-judicial persons and thus qualify under 42 USC, CH 21,
           SCH 1 >§1985 and prohibits protection under judicial immunity.
       (4) Unconstitutional seizure by State of Michigan which interferes with federal court
           proceedings ( *EXHIBITS*   ).
       (5) Failure to rule in (05-40330 E.D. Mich) permits unconstitutional continuation of
           consolidated State of Michigan court proceedings.
       (6) Interference with U.S. Postal mailing of State of Michigan tax forms.
       (7) Multi-state involvement in Michigan Child Protective Service investigation to
           intimidate witness.
       (8) Making motions moot in federal court case which pertain to illicit State of Michigan
           actions (05-70416 E.D. Mich)
       (9) Failure of Michigan State Attorney General  / law enforcement to investigate U.S.
           DOT-Office of Inspector General referral or complaint by Plaintiff regarding illicit
           activities in State of Michigan Court.

*11*

(10)    Failure to rule on statute subsection 29 USC, Ch 15, >§660(c) (3) in (05-70416 E.D. Mich) concealed that Plaintiff prevailed in summary judgment and awarding judgment to subdivision of State of Michigan.

(11)    Failure to rule on statute subsection OSH Act Section 5, and Section 17 in (05-70416 E.D. Mich ) concealed that Plaintiff prevailed in summary judgment and awarding judgment to subdivision of State of Michigan.

(12)    Failure to rule on Plaintiff's reliance-in-part on (04-73152 E.D. Mich ) in (05-70416 E.D. Mich ) for ADA claims concealed that Plaintiff prevailed in summary judgment, and then awarding judgment to subdivision of State of Michigan thereby blocking Plaintiff's income.

(13)    Failure to surrender interrogatories in State of Michigan and Federal court resulting in concealment of facts illustrating relationships and involvement of certain businesses and entities and / or illicit activity preventing Plaintiff from prevailing.

(14)    Failure to grant judgment for the Plaintiff, or grant Plaintiff continuation under 31 USC subt III, Ch 37, Subch III >§ 3730 (b),  3730 (c)  in (05-70416 E.D. Mich ) by U.S. District Court and U.S. Attorney General and awarding judgment to subdivision of State of Michigan blocking Plaintiff's income.

(15)    Failure to grant appointed counsel by U.S. District Court and U.S. Attorney General and awarding judgment to subdivision of State of Michigan blocking Plaintiff's income.

(16)    Repeated efforts by the State of Michigan and/or Federal Agencies to extract address information, and or submission to Michigan Court jurisdiction which would permit continuation and concealment of numerous illegal agency and court actions

/2

within a given jurisdiction, allowing furtherance of technology suppression

(EXHIBITS).

(17)    The State of Michigan's intent to rule in a case (07-2607-DM 22nd Cir Mich) that

would destroy Plaintiffs family, after said case was removed from Michigan's State

Courts, in essence pressuring submission to Michigan jurisdiction because of the

high cost alternative of loosing one's family, to permit continuation and

concealment of numerous illegal agency and court actions within a given

jurisdiction, allowing furtherance of technology suppression ( EXHIBITS ) and

witness intimidation, and blocking of Plaintiff's income.

(18)    Suppression of Plaintiff's technology through blocked income and other means,

which is cleaner and cheaper than competitive material handling technologies

permits higher market prices in the absence of Plaintiff's technology.

(19)    Suppression of Plaintiff's technology through blocked income and other means,

which is cleaner and cheaper than competitive Light Rail Transit technologies

permits higher market prices in the absence of Plaintiff's technology.

(20)    Suppression of Plaintiff's technology through blocked income and other means,

which is cleaner and better for the environment than competitive petroleum based /

combustion engine technologies permits higher market prices and extended

reliance in the absence of Plaintiff's technology.

(21)    Any combined efforts by District Court and U.S. Attorney General resulting in

depriving Plaintiff of income or restitution in (05-70416E.D. Mich).

AL. The Department of Transportation Office of the Inspector General turned their investigation over to the Michigan Attorney General (Exhibit 40), who elected not to investigate (Exhibit 34)

AM. The United States and/or persons using the powers and/or immunity of the U.S. have originated and/or cooperated in the origination of false and deceptive mailings and/or false or deceptive court proceedings against the Plaintiff, and/or interfered with the Plaintiff's fiduciary matters. Plaintiff included in (05-40330) statute 42 U.S.C.,CH21, Sch1,>§1985, a statute including protections against witness intimidation and the Court has exercised jurisdiction over this statute. Plaintiff asserts the existence such statutes legislated by Congress, enforced by the U.S. Attorney, and sentenced by the courts, substantiates and confirms the reality of such activities and necessity of such laws. The effort to create a false or deceptive court proceeding (Exhibits 23,26), thereby creating an opportunity for discovery, and collection of facts or evidence not otherwise collectible or admissible, could be construed as entrapment and/or witness intimidation. When Plaintiff, Paul Bridgewater, made his complaints to the U.S. Dept. of Justice and its' subsidiary agencies in 2003-4, he presented his I.D. for copy and background check. He also filed a complaint with the Michigan Attorney General, and received local police clearance in 2003 without concealing his identity. Neither organization has since notified him he is a person of interest or filed indictments or charges or brought him in for questioning. Any interest that may have developed during his 3 Whistleblower filings and/or following the ruling of his 3rd filing in November 2005, must be viewed in light of his evident determination.

AN. PLAINTIFF(S) RECEIVED FINANCE FOR OPERATIONS IN-PART FROM THEIR AGENTS, WHICH WAS INFORMATION AVAILABE TO THE DEFENDANT(S).

14

## COUNT 1
## VIOLATION OF ARTICLE IV OF THE CONSTITUTION
## VIOLATION OF STATES POWERS

Plaintiff incorporates the Common Allegations and Count 1 as set forth in full.

This Constitution, and the laws of the United States which shall be made in pursuance
thereof; and all treaties made, or which shall be made, under the authority of the United
States, shall be the supreme law of the land; and the judges in every state shall be bound
thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

This Constitution, and the laws of the United States which shall be made in pursuance
thereof; and all treaties made, or which shall be made, under the authority of the United
States, shall be the supreme law of the land; and the judges in every state shall be bound
thereby, anything in the Constitution or laws of any State to the contrary notwithstanding, and
Defendant(s) have subverted the laws of the United States to the benefit Michigan Law, and
State of Michigan judge(s) have not yielded to being bound by United States law, and have
therefore violated State's Powers limitations of the U.S. Constitution.

## COUNT 2
## VIOLATION OF 28 U.S.C., Pt 4, Ch 85,>§ 1338
## DISTRICTS COURTS SHALL HAVE ORIGINAL JURISDICTION IN PATENTS

Plaintiff incorporates the Common Allegations and Count 1-2 as set forth in full.

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks, and State of Michigan Courts have initiated court proceedings to exercise jurisdiction in a civil action involving property matters arising under 35 U.S.C. and 37 C.F.R, and/or the Patent and Trademark Office, being Acts of Congress, in matters relating to patents, and/or related matters that were filed in the courts of the United States under 39 U.S. C., and have therefore violated this statute, 28 U.S.C., Pt 4, Ch 85,>§ 1338, and/or the U.S. Constitution.

/6

## COUNT 3
## VIOLATION OF 28 U.S.C., Pt 4, Ch 89,>§ 1441- 48
## REMOVAL OF CIVIL ACTION TO DISTRICT COURT

Plaintiff incorporates the Common Allegations and Count 1-3 as set forth in full.

(a) Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by defendant to the district court of the United states for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district court of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of parties.

Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by that defendant (this Plaintiff(s)), to the district court of the United states for the district and division embracing the place where such action is pending, and the State of Michigan has initiated court proceedings in a case that was removed from State of Michigan in denial of the right of removal of a civil action involving property matters which are defined and provided by 35 US.C. and 37 C.F.R., and or the Patent and Trademark office, of which the district court of the United States have original and/or exclusive jurisdiction, and/or the related and dependant matters integral to a comprehensive solution to the civil action involving 39 U.S.C and other federal statutes, of which the district court of the United States have original jurisdiction, and have therefore violated Plaintiff's right of removal.

*17*

## COUNT 4
### VIOLATION OF ARTICLE III OF THE CONSTITUTION
### INFRINGMENT ON JUDICIAL POWERS OF THE UNITED STATES

Plaintiff incorporates the Common Allegations and Count 1-4 as set forth in full.

Section 1. The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office.

Section 1. The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish, and State of Michigan Courts have infringed and/or abridged the judicial power of the United States by initiating court proceedings in matters within the jurisdiction of the United States district courts and/or by initiating court proceedings in matters filed in the United States district courts, and/or by initiating court proceedings in matters removed to district courts of the United States, by Plaintiff(s), in violation of the rights of the Plaintiff(s) protected under the U.S. Constitution, wherein the judicial power of the United States is not vested in the State of Michigan courts. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office.

## COUNT 5
## VIOLATION OF THE 14TH AMENDMENT TO THE CONSTITUTION
## DENYING DUE PROCESS AND EQUAL PROTECTION OF THE LAW

Plaintiff incorporates the Common Allegations and Count 1-5 as set forth in full.

Section1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any State deprive any person of liberty, or property, without due process of law: nor deny any person within its jurisdiction the equal protection of the laws.

Defendant(s), shall not make or enforce any law which shall abridge the privileges or immunities of citizens of the United States and Defendant(s) have abridged privileges or immunities of Plaintiff(s) by discriminating against Plaintiff, depriving Plaintiffs of liberty and/or property, without due process of law, and/or equal protection of the laws, by violating 28 U.S.C., Pt4, CH 89>§1441-1448, and/or 28 U.S.C., Pt4, CH 85>§1338, and/or 42 U.S.C., Ch 21, Sch 1>§1981-88 and Defendant(s) and/or State of Michigan have demonstrated no statutory support for its overriding purpose in violation of policy, law, and/or statute in discrimination against Plaintiff(s), that has a rational basis related to a permissible government objective, and therefore has violated the prohibitions of the 14th Amendment to the U. S. Constitution.

*19*

## COUNT 6
## VIOLATION OF 42 U.S.C., CH 21, Sch 1, >§ 1981 EQUAL RIGHTS UNDER
## THE LAW

Plaintiff incorporates the Common Allegations and Count 1-6 as set forth in full.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Plaintiff(s) within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

20

## COUNT 7
## ENTITLEMENT TO RELIEF UNDER 42 U.S.C., CH 21, Sch 1, >§ 1983
## CIVIL ACTION FOR DEPRIVATION OF CIVIL RIGHTS

Plaintiff incorporates the Common Allegations and Count 1-7 as set forth in full.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Defendant(s) who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured, Plaintiff(s), in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

21

## COUNT 8
## VIOLATION OF THE SHERMAN ACT, THE WILSON TARIFF ACT, THE CLAYTON ACT
### 15 U.S.C., Ch 1, ET AL

Plaintiff incorporates the common allegations and Counts 1-8 as set forth in full.

### §1

Defendant(s) combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every Defendant who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and Defendant(s) did combine via appearance of statutory authority, and/or discretion of position, and/or abuse of power of public trust, and/or otherwise illegally to restrain trade and commerce of, and/or suppress the development and exploitation of technology and /or competition related to Plaintiff(s) by and through blocking Plaintiff's income, and/or protecting conspirators from legal review of their actions, and/or attempting to place Plaintiff(s) in legal jeopardy, and/or obstructing legal judgments or rulings, and/or interfering with Plaintiff's U.S. Postal mailings, and/or interfering with Plaintiff's conduct of commerce, and/or failing to investigate Plaintiff's complaints of offenses, and/or illegal seizure of Plaintiff's papers and effects, and/or interfering with Plaintiff's employment, and/or harassment of Plaintiff(s) families, and/or intimidating or tampering with Plaintiff(s) a known witness, and/or obstructing justice, and/or denial of due process or equal protection of the law, and/or violation of State's powers,  in violation of the Sherman Act and/or;

### §2

Defendant(s) monopolized, or attempted to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony,  and Defendant(s) did

22

combine via appearance of statutory authority, and/or discretion of position, and/or abuse of power of public trust, and/or otherwise illegally to restrain trade and commerce of, and/or suppress the development and exploitation of technology and /or competition related to Plaintiff(s) by and through blocking Plaintiff's income, and/or protecting conspirators from legal review of their actions, and/or attempting to place Plaintiff(s) in legal jeopardy, and/or obstructing legal judgments or rulings, and/or interfering with Plaintiff's U.S. Postal mailings, and/or interfering with Plaintiff's conduct of commerce, and/or failing to investigate Plaintiff's complaints of offenses, and/or illegal seizure of Plaintiff's papers and effects, and/or interfering with Plaintiff's employment, and/or harassment of Plaintiff(s) families, and/or intimidating or tampering with Plaintiff(s) a known witness, and/or obstructing justice, and/or denial of due process or equal protection of the law, and/or violation of State's powers,  in violation of the Sherman Act and/or;

## §3

Defendant(s) combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia, or in restraint of trade or commerce between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, is declared illegal.    Every Defendant who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a felony,  and Defendant(s) did combine via appearance of statutory authority, and/or discretion of position, and/or abuse of power of public trust, and/or otherwise illegally to restrain trade and commerce of, and/or suppress the development and exploitation of technology and /or competition related to Plaintiff(s) by and through blocking Plaintiff's income, and/or protecting conspirators from legal review of their

23

actions, and/or attempting to place Plaintiff(s) in legal jeopardy, and/or obstructing legal judgments or rulings, and/or interfering with Plaintiff's U.S. Postal mailings, and/or interfering with Plaintiff's conduct of commerce, and/or failing to investigate Plaintiff's complaints of offenses, and/or illegal seizure of Plaintiff's papers and effects, and/or interfering with Plaintiff's employment, and/or harassment of Plaintiff(s) families, and/or intimidating or tampering with Plaintiff(s) a known witness, and/or obstructing justice, and/or denial of due process or equal protection of the law, and/or violation of State's powers, in violation of the Sherman Act and/or;

## §5

Whenever it shall appear to the court before which any proceeding under section 4 of this title may be pending, that the ends of justice require that other parties should be brought before the court, the court may cause them to be summoned, whether they reside in the district in which the court is held or not; and the ends of justice for Plaintiff(s) does require that other parties should be brought before the court in a Class Action as Defendant(s) and/or their combination or conspiracy, have injured numerous Plaintiffs by acts forbidden in the antitrust laws, who have been restrained in trade and/or commerce in violation of the Sherman Act and/or ;

## §6

Any property owned by Defendant(s) under any contract or by any combination, or pursuant to any conspiracy (and being the subject thereof) mentioned in section 1 of this title, and being in the course of transportation from one State to another, or to a foreign country, may be seized and condemned by like proceedings as those provided by law for the forfeiture, seizure, and condemnation of property imported into the United States contrary to law, AND/OR,

24

**§8**

Defendant(s) combination, conspiracy, trust, agreement, or contract is declared to be contrary to public policy, illegal, and void when the same is made by or between two or more persons or corporations, either of whom, as agent or principal, is engaged in importing any article from any foreign country into the United States, and when such combination, conspiracy, trust, agreement, or contract is intended to operate in restraint of lawful trade, or free competition in lawful trade or commerce, or to increase the market price in any part of the United States of any article or articles imported or intended to be imported into the United States, or of any manufacture into which such imported article enters or is intended to enter. Every person who shall be engaged in the importation of goods or any commodity from any foreign country in violation of this section, or who shall combine or conspire with another to violate the same, is guilty of a misdemeanor, and Defendant(s) did combine via appearance of statutory authority, and/or discretion of position, and/or abuse of power of public trust, and/or otherwise illegally conspire, when such combination, or conspiracy, is intended to operate in restraint of lawful trade, or free competition in lawful trade or commerce, or to increase the market price in any part of the United States of any article or articles imported or intended to be imported into the United States, or of any manufacture into which such imported article enters or is intended to enter, related to competition with Plaintiff(s) by and through by blocking Plaintiff's income, and/or protecting conspirators from legal review of their actions, and/or attempting to place Plaintiff(s) in legal jeopardy, and/or obstructing legal judgments or rulings, and/or interfering with Plaintiff's U.S. Postal mailings, and/or interfering with Plaintiff's conduct of commerce, and/or failing to investigate Plaintiff's complaints of offenses, and/or illegal seizure of Plaintiff's papers and effects, and/or interfering with Plaintiff's employment, and/or harassment of Plaintiff(s) families, and/or intimidating or tampering with Plaintiff(s) a known witness, and/or obstructing justice, and/or denial of due

25

process or equal protection of the law, and/or violation of State's powers, in violation of the Wilson Tariff Act and/or;

## §11

Any property owned by Defendant(s) under any contract or by any combination, or pursuant to any conspiracy, and being the subject thereof, mentioned in section 8 of this title, imported into and being within the United States or being in the course of transportation from one State to another, or to or from a Territory or the District of Columbia, may be seized and condemned by like proceedings as those provided by law for the forfeiture, seizure, and condemnation of property imported into the United States contrary to law, AND/OR,

## §14

It shall be unlawful for Defendant(s) engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, whether patented or unpatented, for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, or fix a price charged therefore, or discount from, or rebate upon, such price, on the condition, agreement, or understanding that the lessee or purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce, and Defendant(s) did in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, fix a price of a contract for employment, on the

26

condition, agreement, or understanding that the Plaintiff shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of competitors or self, where the effect of such contract for employment or such condition, agreement, or understanding may be to substantially lessen competition, and Defendant(s) did combine via appearance of statutory authority, and/or discretion of position, and/or abuse of power of public trust, and/or otherwise illegally to restrain trade and commerce of, and/or suppress the development and exploitation of technology and /or competition related to Plaintiff(s) by and through blocking Plaintiff's income, and/or protecting conspirators from legal review of their actions, and/or attempting to place Plaintiff(s) in legal jeopardy, and/or obstructing legal judgments or rulings, and/or interfering with Plaintiff's U.S. Postal mailings, and/or interfering with Plaintiff's conduct of commerce, and/or failing to investigate Plaintiff's complaints of offenses, and/or illegal seizure of Plaintiff's papers and effects, and/or interfering with Plaintiff's employment, and/or harassment of Plaintiff(s) families, and/or intimidating or tampering with Plaintiff(s) a known witness, and/or obstructing justice, and/or denial of due process or equal protection of the law, and/or violation of State's powers, in violation of the Clayton Act and/or;

## §15

Except as provided in subsection (b) of this section, any Plaintiff(s) who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the Defendant(s) resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee, and Plaintiff(s) were injured in business and property by reason of things forbidden in the antitrust laws and brings the instant complaint to recover damages sustained, costs, and fees as permitted by this statute.

Wherefore,

Plaintiff requests this Honorable Court grant a judgment to the Plaintiff(s) against

THE UNITED STATES (U.S.A) for $ 109,000,000 dollars as entitled under

15 U.S.C., Ch 1, >§1-15 and/or under the U.S. Constitution for violations thereof as claimed,

and/or for punitive, and/or compensatory, and/or actual, and/or consequential, and/or

particular damages, and/or mental distress, and deprivation and or abridging of rights and

deliberate injury associated with the tenor of these proceedings

and,

free and clear release of any assessments or liens against Plaintiffs, Plaintiff's estates,

family, successors or assigns.

and,

declaring unconstitutional and/or vacation of all judgments and orders in (07-2607-DM 22nd

Cir Mich.)

These facts and requests are submitted to the best of my knowledge and belief

AND FILED BY CLASS ACTION REPRESENTATIVE IN
ACCORDANCE WITH 35 U.S.C, PT 3, CH 26, > § 262 AND 28 U.S.C.

6-4-08

LIFE MEMBER
SOUTHERN UNIVERSITY
ALUMNI FEDERATION
ON BEHALF OF

CO- PATENT OWNERS # U.S. 6,889,615

101 GREEN HILLS DR.
SALINE, MI 48176

28

**08-21585-Civ-GOLD/McAliley**

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req□
by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of C□
the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Case**

FILED by ___ D.C.
ELECTRONIC

**June 04, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
HIGHLANDS

**I. (a) PLAINTIFFS**

SOUTHERN UNIVERSITY ALUMNI FEDERATION,
CO-PATENT OWNERS # 6,889,615, ET AL

**DEFENDANTS**

UNITED STATES GOVERNM□

**(b)** County of Residence of First Listed Plaintiff BATON ROUGE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

T, B, D.

Attorneys (If Known)

**(d)** Check County Where Action Arose: □ MIAMI-DADE □ MONROE □ BROWARD ☑ PALM BEACH □ MARTIN □ ST. LUCIE □ INDIAN RIVER □ OKEECHOBEE
N/A PER 15 U.S.C. >15

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant) |
|---|---|

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| □ 1 U.S. Government Plaintiff | □ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| ☑ 2 U.S. Government Defendant | □ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | | ☑ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| | | Citizen or Subject of a Foreign Country | | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury - | □ 620 Other Food & Drug | □ 423 Withdrawal | ☑ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product | Med. Malpractice | □ 625 Drug Related Seizure | 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | Liab.ity | □ 365 Personal Injury - | of Property 21 USC 881 | | □ 450 Commerce |
| □ 150 Recovery of Overpayment | □ 320 Assault, Libel & | Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 460 Deportation |
| & Enforcement of Judgment | Slander | □ 368 Asbestos Personal | □ 640 R.R. & Truck | □ 820 Copyrights | □ 470 Racketeer Influenced and |
| □ 151 Medicare Act | □ 330 Federal Employers' | Injury Product | □ 650 Airline Regs. | □ 830 Patent | Corrupt Organizations |
| □ 152 Recovery of Defaulted | Liability | Liability | □ 660 Occupational | □ 840 Trademark | □ 480 Consumer Credit |
| Student Loans | □ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | □ 490 Cable/Sat TV |
| (Excl. Veterans) | □ 345 Marine Product | □ 370 Other Fraud | □ 690 Other | | □ 810 Selective Service |
| □ 153 Recovery of Overpayment | Liability | □ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | □ 850 Securities/Commodities/ |
| of Veteran's Benefits | □ 350 Motor Vehicle | □ 380 Other Personal | □ 710 Fair Labor Standards | □ 861 HIA (1395ff) | Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle | Property Damage | Act | □ 862 Black Lung (923) | □ 875 Customer Challenge |
| □ 190 Other Contract | Product Liability | □ 385 Property Damage | □ 720 Labor/Mgmt. Relations | □ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| □ 195 Contract Product Liability | □ 360 Other Personal | Product Liability | □ 730 Labor/Mgmt.Reporting | □ 864 SSID Title XVI | □ 890 Other Statutory Actions |
| □ 196 Franchise | Injury | | & Disclosure Act | □ 865 RSI (405(g)) | □ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 740 Railway Labor Act | **FEDERAL TAX SUITS** | □ 892 Economic Stabilization Act |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate | □ 790 Other Labor Litigation | □ 870 Taxes (U.S. Plaintiff | □ 893 Environmental Matters |
| □ 220 Foreclosure | □ 442 Emp.oyment | Sentence | □ 791 Empl. Ret. Inc. Security | or Defendant) | □ 894 Energy Allocation Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ | **Habeas Corpus:** | Act | □ 871 IRS—Third Party | □ 895 Freedom of Information Act |
| □ 240 Torts to Land | Accommodations | □ 530 General | | 26 USC 7609 | □ 900 Appeal of Fee Determination |
| □ 245 Tort Product Liability | □ 444 Welfare | □ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| □ 290 All Other Real Property | □ 445 Amer. w/Disabilities - Employment | □ 540 Mandamus & Other | □ 462 Naturalization Application | | |
| | □ 446 Amer. w/Disabilities - Other | □ 550 Civil Rights | □ 463 Habeas Corpus-Alien Detainee | | □ 950 Constitutionality of State Statutes |
| | □ 440 Other Civil Rights | □ 555 Prison Condition | □ 465 Other Immigration Actions | | |

| V. ORIGIN (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Re-filed- (see VI below) | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ 6 Multidistrict Litigation | □ 7 Judge from Magistrate Judgment |

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-Filed Case □ YES ☑ NO       b) Related Cases □ YES □ NO

JUDGE ____       DOCKET NUMBER ____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): ARTICLE III, 28 USC, PT 4, CH 89, > 1441-1446
15 USC, CH1, > 1-15, ETC,

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 109 M | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes □ No |
|---|---|---|---|

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: _bud FOR T.B.D. ATTORNEY

DATE ____

FOR OFFICE USE ONLY

AMOUNT ____ RECEIPT # ____ IFP ____